**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES E. TURNER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-6170
(D.C. No. 05-CV-50-T)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

James E. Turner appeals from an order of the district court affirming the

Commissioner's decision denying his application for disability insurance benefits

---

[*]     On February 1, 2007, Michael J. Astrue became the Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Astrue is substituted for Jo Anne B. Barnhart as the
defendant-appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and supplemental security income. Mr. Turner originally applied for these benefits on August 28, 1995, and was ultimately awarded benefits for a closed period from March 9, 1994 to February 3, 1997. In the partially favorable decision awarding benefits, the Administrative Law Judge (ALJ) concluded that Mr. Turner was not disabled as of February 4, 1997.

The Appeals Council affirmed the finding of disability for the closed period, but remanded for reconsideration of the finding that the disability ceased as of February 4, 1997. Pursuant to the remand order, an ALJ held a hearing on September 27, 2001. The ALJ concluded that Mr. Turner's period of disability ended on February 3, 1997. Mr. Turner requested review of the ALJ's decision, but the Appeals Council declined to assume jurisdiction. Mr. Turner then filed a complaint in district court. Because the Commissioner was unable to locate the tape recording of the September 27 hearing, the Commissioner asked the district court to remand for further administrative proceedings.

On remand from the district court, Mr. Turner received a supplemental hearing from another ALJ on December 3, 2003, and a second supplemental hearing on April 20, 2004. These hearings involved testimony by Mr. Turner, and testimony by two different vocational experts. The ALJ issued an unfavorable decision, concluding that Mr. Turner's disability ceased as of February 4, 1997, and that he had the residual functional capacity to make a successful vocational adjustment to sedentary work existing in significant numbers in the national

economy.  Mr. Turner sought review from the Appeals Council, but it found no basis to assume jurisdiction.

Mr. Turner sought further review by filing a complaint in district court challenging the ALJ's decision.  The case was assigned to a magistrate judge, who issued a report recommending that the district court affirm the ALJ's decision.  Mr. Turner filed objections to the magistrate judge's report and recommendation.  The district court considered the objections and then adopted the magistrate judge's report and recommendation, thereby affirming the ALJ's decision.  This appeal followed.

Because the Appeals Council declined to review Mr. Turner's appeal, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

In this appeal, Mr. Turner raises the same issues that he raised in the district court.  First, he claims that the ALJ failed to properly evaluate the medical evidence.  Second, he contends he did not have the residual functional capacity to engage in substantial gainful activity after February 3, 1997.  Third, he argues that the vocational evidence is incompetent.  Lastly, Mr. Turner asserts that the ALJ erred in his credibility analysis.

The magistrate judge's report and recommendation, adopted by the district court, thoroughly analyzed each of Mr. Turner's claims using the same standard of review that governs our review. *See* Aplt. App., Vol. II, Tab 6 at 687. Having reviewed the record and applicable law, we conclude that the magistrate judge's analysis is correct and we see no reason to repeat that analysis here. Accordingly, the judgment is AFFIRMED for substantially the same reasons articulated in the magistrate judge's report and recommendation dated January 26, 2006, and adopted by the district court in its order dated March 31, 2006.

Entered for the Court

Monroe G. McKay
Circuit Judge